IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Cherette Lenora Jupiter,

Debtor.

C/A No. 06-00963-JW

Chapter 13

## ORDER ADANDONING PROPERTY

This matter comes before the Court upon an Application to Abandon ("Application") filed by National City Home Loan Services, Inc. ("National City"). The Application was served on all creditors and parties in interest. National City seeks an order compelling the chapter 13 trustee to abandon the estate's interest in certain property 11 U.S.C. § 554(b).[1] Cherette Lenora Jupiter ("Debtor") filed an objection to the Application.[2] Based upon the facts of the case and applicable law, this Court makes the following Findings of Facts and Conclusions of Law.[3]

## FINDINGS OF FACTS

1.  On March 9, 2006, Debtor filed this case under Chapter 13 of the Bankruptcy Code, as revised by the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"). See Pub L. No. 109-8 (2005) (codified in scattered sections of 11 U.S.C.).

2.  This case is Debtor's second case pending within the previous year. Debtor moved to extend the automatic stay to all creditors but the motion was denied and the automatic stay terminated pursuant to § 362(c)(3)(A).

---

[1] Further references to the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) shall be made by section number only.
[2] The Court has previously found that the subject property is not protected by the automatic stay. See In re Jupiter (Jupiter I), C/A No. 06-00963-W, slip op. (Bankr. D.S.C. Jun. 21, 2006); In re Jumpp, ___ B.R. ___, C/A No. 06-40677-JBR, 2006 WL 1731172 (Bankr. D. Mass Jun. 23, 2006) (finding the automatic stay terminates with respect to property of the estate under § 362(c)(3)(A)).
[3] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

3.    National City holds a first mortgage on Debtor's residence described as 5090 Westview Street, Charleston, South Carolina ("Property").

4.    The Property is property of Debtor's bankruptcy estate pursuant to §§ 541(a)(1) and 1306.

5.    The Property is encumbered by the lien of National City and two other creditors. Debtor acknowledges in her objection to National City's Motion for Relief from the Automatic Stay that there is no equity in the Property.[4]

6.    Debtor was the only party to file an objection to the Application.

## CONCLUSIONS OF LAW

Section 554(b) allows a party in interest to compel a trustee to abandon property that is burdensome or of inconsequential value and benefit to the estate. 11 U.S.C. § 554(b). In this case, it is clear that there is no equity in the Property for the benefit of Debtor's unsecured creditors. Neither the Chapter 13 Trustee nor other creditors opposed the Application. See In re Slack, 290 B.R. 282 (Bankr. D.N.J. 2003) (finding that a trustee's decision to abandon a debtor's residence was not an abuse of discretion where there was no equity in the property for payment to unsecured creditors). Although Debtor objected to the Application, Debtor has not presented evidence sufficient to convince the Court that this particular Property is of value or benefit to the estate or necessary to an effective reorganization. The Court therefore grants the Application and finds that the Property shall be deemed abandoned pursuant to § 554(b). See In re Crouch, 80 B.R. 364 (Bankr. W.D. Va. 1987) (finding abandonment of a residence may be ordered over the objection of a debtor if there is no equity in the residence); In re Murphy, 22 B.R. 663, 665 (Bankr. D. Colo. 1982) (holding that although a debtor has standing to object to a creditor's motion to abandon based

---

[4] National City also moved for relief from the automatic stay before the Court determined that a termination of the automatic stay under § 362(c)(3)(A) terminates the automatic stay with respect to the Property. According to Debtor's certification of facts in response to National City's motion for relief from stay, there is negative net equity in the Property in the amount of ($13,751.00).

upon the debtor's exempt equity in the property, the creditor's motion to abandon should be granted where there would be no equity for the debtor's estate).

Furthermore, in light of this Court's previous ruling which denied Debtor's arguments and determined that property of the estate is no longer protected by the automatic stay upon termination pursuant to § 362(c)(3) or (4), the Court does not believe that Congress intended to allow the category of debtors effected by such a termination to veto the release of property by abandonment from the estate absent a strong evidentiary showing pursuant to § 554 or absent confirmation of a debtor's plan. See In re Jupiter (Jupiter I), C/A No. 06-00963-W, slip op. at 11-12 (Bankr. D.S.C. Jun. 21, 2006) (discussing the Congressional intent of BAPCPA); In re Fleming, C/A No. 06-00888-W, slip op. (Bankr. D.S.C. Jun. 30, 2006) (finding a debtor may confirm a plan if the stay terminates prior to confirmation and that confirmation may bind the creditors). See also, In re Drost, 228 B.R. 208, 210 (Bankr. N.D. Ind. 1998) (finding that a chapter 7 debtor lacks standing to object to abandonment where a debtor's pecuniary interest in the property abandoned is not adversely impacted by abandonment).

Based upon the foregoing, National City's Application is granted. Pursuant to 11 U.S.C. § 554(b), the Property is deemed abandoned from Debtor's estate.

**AND IT IS SO ORDERED.**

_/s/ John E Waites_
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
July 7, 2006